UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**RONALD H. HOBSON**                                                                            **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:15-CV-62-TBR**

**UNITED STATES GOVERNMENT**                                           **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Ronald H. Hobson, filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff names as Defendant the "United States Government United States District Court Western District of Kentucky 501 Broadway Paducah, Kentucky 42001." He requests "waiver upon restriction of cell phone possession and interactive usage on federal property normally restricted of such activity." He states that he "relies upon this device for memory storage and retrieval due to memory damages in both short term retention and long term recall." Finally, he states that he "agrees absolutely no photo records shall be made under full penalty of law without prior permission."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l.*, 556 F.3d 459, 465 (6th Cir. 2009). Upon examination of the complaint, it is clear that this Court lacks jurisdiction over this action.

The Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To satisfy this "case-or-controversy" requirement, a plaintiff must establish a concrete injury that is related to the conduct at issue and must establish that the injury would be redressed by a favorable decision from the court. *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir. 2000).

To establish a justiciable injury, Plaintiff cannot simply allege possible injury at some indefinite, future time. *Brunet v. City of Columbus*, 1 F.3d 390, 396 (6th Cir. 1993) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). The Supreme Court has made clear that the injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citation omitted). Here, Plaintiff has not alleged a concrete injury which is actual or imminent. Consequently, he has failed to invoke the jurisdiction of this Court, and dismissal is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
4413.009